CONDIT ELECTRICAL MFG. CO. v. GENERAL ELECTRIC CO.

(Circuit Court of Appeals, First Circuit. April 18, 1912.)

No. 954.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ELECTRIC SWITCH.

A preliminary injunction, restraining infringement of the Emmet and Hewlett patent, No. 789,597, for a high potential switch, *held* properly granted on the evidence.

Appeal from the District Court of the United States for the District of Massachusetts.

Suit in equity by the General Electric Company against the Condit Electrical Manufacturing Company. From an order (191 Fed. 511) granting a preliminary injunction, defendant appeals. Affirmed.

C. V. Edwards, of New York City (Edward P. Payson, of Boston, Mass., on the brief), for the appellant.

William K. Richardson, of Boston, Mass. (A. D. Salinger, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. This is an appeal from an order granting a preliminary injunction in respect to the Emmet and Hewlett patent, No. 789,597. There was also a motion for a similar injunction under the Hewlett and Emmet patent, No. 800,916, but that motion was denied. There is, however, no question before us in respect to such denial. Therefore, while both of these patents were sustained

by this court in General Electric Company v. Hartman, 187 Fed. 131, 109 C. C. A. 49, we only have to consider the single question raised by the appeal from the order granting the preliminary injunction under the Emmet and Hewlett patent; and we see no reason for disturbing the injunction as it now stands.

The order for the preliminary injunction was based upon the cogent finding of fact:

"That the defendant's structure is an infringement of the Emmet and Hewlett patent seems clear. There is so close a correspondence between the complainant's device and the defendant's as to lead to the conviction that the defendant's device is a close copy of the complainant's, especially as evidence of an independent origin is lacking. The defendant cannot justify the manufacture of the complainant's structure upon the ground that a patentable noncarbonizable oil is used with it by the defendant or its customers. The structure, being adapted to avoid the evils of carbonization of oil, is patentable because of its adaptation to such purpose. Whether it is actually used for that purpose is immaterial."

Upon consideration of the record and the arguments, we are satisfied, so far as the case now presents itself, with the above conclusion in respect to the question of fact; and, in view of what was described and decided when the patent in question was first before this court, it seems quite unnecessary to reiterate or discuss the mechanical elements and the proofs, which were quite sufficient to justify the conclusion reached by the Circuit Court.

The order of the Circuit Court is affirmed, with costs for the appellee.